## The Fulton National Bank, Guardian, v. Haldeman

*H. Edgar Sherts* and *William B. Arnold,* for plaintiff. *Charles W. Eaby,* for defendant.

ATLEE, P. J., October 9, 1936.—Counsel for plaintiff and defendant have agreed that this cause shall be heard and decided on bill and answer, the facts pleaded therein, and the record in the matter of Catharine W. Haldeman, weakminded, Trust Book A, page 167.

### 1. The pleadings and the issues raised thereby

1. On July 1, 1936, the Fulton National Bank of Lancaster was appointed guardian of the property of Catharine W. Haldeman, who, on June 22, 1936, had been found to be a weakminded person. The guardian as plaintiff has filed the present bill in equity against Frank Haldeman, a son of Catharine W. Haldeman, as defendant.

2. The bill avers that Catharine W. Haldeman, on November 29, 1933, gave to defendant a letter of attorney recorded in the recorder's office of Lancaster County, in Letter Book 16, page 383. A copy of the letter of attorney is attached to plaintiff's bill as exhibit A. By it defendant was empowered generally to manage and dispose of Catharine W. Haldeman's property, but the appointment carries with it the granting of no interest. In other words, the appointment of the attorney in fact is not coupled with an interest. Plaintiff asks that this letter of attorney be declared null and void because of the decree of June 22, 1936, finding Catharine W. Haldeman to be weakminded; that Frank Haldeman be required to file an account of his handling of the property put in his hands; that defendant be enjoined from transferring any of the property; and that defendant be required to turn over to plaintiff, as guardian, all property of Catharine W. Haldeman in defendant's hands.

3. Defendant in his answer admits all of the facts essential to a determination of the issue raised by the pleadings which is: Did the decree of the Court of Common Pleas of Lancaster County entered June 22, 1936, finding Catharine W. Haldeman to be a weakminded person, annul all authority given Frank Haldeman by the letter of attorney dated November 29, 1933?

4. That is the sole issue raised by the pleadings, and the only question to be determined in this matter is the legal effect of a finding of weakmindedness on an authority delegated in an instrument dated prior to the date on which was entered this court's decree.

## 2. Findings of fact

1. On November 29, 1933, Catharine W. Haldeman gave to defendant Frank Haldeman a letter of attorney which carried with it the granting of no interest in the property transferred.

2. On June 22, 1936, the Court of Common Pleas of Lancaster County found Catharine W. Haldeman to be a person not able, owing to weakness of mind, to take care of her property. The said court so decided, entered a decree accordingly, and appointed the Fulton National Bank of Lancaster as guardian to take care of the property of the said Catharine W. Haldeman.

## 3. Discussion of questions of law and fact

1. Since there is no dispute as to the facts as above found it is not necessary to discuss questions of fact, for none arises.

2. The question of law here to be decided, in the form here presented, seemingly never has been before the appellate courts of this State. As above stated, the letter of attorney given by plaintiff's ward to defendant was not coupled with an interest. The sole question to be discussed is the effect of the court's decree of June 22, 1936, on the delegation of authority dated November 29, 1933.

3. In Bishop's Estate, 30 Dist. R. 149, 150, Lamorelle, P. J., said:

"If Hannah L. Bishop at any time before her death became insane, then such insanity revoked her power of attorney to Susanna Richardson. The law on this subject is well stated in the opinion of Parker, C. J., in Davis, Admin'r, v. Lane, 10 New Hamp. 156, at page 159:

" 'Upon the constitution of an agent or attorney to act

for another, where the authority is not coupled with an interest, and not irrevocable, there exists, at all times, a right of supervision in the principal, and power to terminate the authority of the agent at the pleasure of the principal. The law secures to the principal the right of judging how long he will be represented by the agent, and suffer him to act in his name. So long as, having the power, he does not exercise the will to revoke, the authority continues.

" 'When, then, an act of Providence deprives the principal of the power to exercise any judgment or will on the subject, the authority of the agent to act should thereby be suspended for the time being; otherwise the right of the agent would be continued beyond the period when all evidence that the principal chose to continue the authority had ceased; for after the principal was deprived of the power to exercise any will upon the subject, there could be no assent, or acquiescence, or evidence of any kind to show that he consented that the agency should continue to exist. And, moreover, a confirmed insanity would render wholly irrevocable an authority, which, by the original nature of its constitution, it was to be in the power of the principal at any time to revoke.' "

1 A. L. I. Restatement of Agency 311, §122, says:

"The authority of the agent to make the principal a party to a transaction is terminated or suspended upon the happening of an event which deprives the principal of capacity to become a party to the transaction or deprives the agent of capacity to make the principal a party to it."

To the same effect is a statement of the law found in 2 C. J. 552, sec. 190, as well as in 21 R. C. L. 822, sec. 7.

4. In the present case the letter of attorney given by plaintiff's ward to defendant was not coupled with an interest in the property transferred to the attorney in fact. Hence there can be no conclusion other than that the finding of weakmindedness on June 22, 1936, revoked as of that date all authority granted to Frank Haldeman by the letter of attorney dated November 29, 1933.

5. Having come to this conclusion the next matter to be considered is the result of such finding. While a finding of lunacy without lucid intervals may become effective at a designated time earlier than the date of the inquisition, a finding of weakmindedness becomes effective only on the date of entering the decree. In this case the decree was entered June 22, 1936, and on that date the letter of attorney become revoked by operation of law.

6. The attorney in fact, defendant here, must file an account of his management of the matters committed to him. Upon adjudication of that account and settlement of the balance due, the court will be in a position to enter an order directing transfer of the property in defendant's hands to the plaintiff guardian.

### 4. Conclusions of law

1. The entry, under the provisions of the Act of May 28, 1907, P. L. 292, sec. 1, as amended by the Act of April 1, 1925, P. L. 101, sec. 1, 50 PS §941, of a decree that a person is not able, owing to weakness of mind, to take care of his or her property, operates as a revocation, effective on date of the decree, of a prior letter of attorney uncoupled with an interest.

2. The entry on June 22, 1936, of a decree finding Catharine W. Haldeman to be weakminded as of that date revoked the letter of attorney given on November 29, 1933, by said Catharine W. Haldeman to Frank Haldeman.

### 5. Decree nisi

1. The letter of attorney given on November 29, 1933, by Catharine W. Haldeman to Frank Haldeman is revoked as of June 22, 1936.

2. Frank W. Haldeman, within 30 days of final decree in this case, is directed to file an accounting of his handling of Catharine W. Haldeman's affairs.

3. Upon adjudication of the account, referred to in the foregoing paragraph, this court will have such fur-

ther authority as may be necessary to secure the transfer to the Fulton National Bank of Lancaster, guardian of Catharine W. Haldeman, of any and all moneys, property, and effects found to be due to said guardian.

4. The costs of this bill in equity are to be paid from the funds of Catharine Haldeman.

From George Ross Eshleman, Lancaster.